HAZEN CAMPBELL *v.* LYMAM B. MOREY.

*Replevin.*

A writ of replevin, under the 14th section of chapter 33 of the Compiled Statutes, dismissed on account of their having been no bond taken, except one in the form and with the conditions prescribed by the statute (p. 624,) for the replevin, by the defendant, of goods attached

REPLEVIN.   The writ was drawn in accordance with a form for a writ of replevin (FORM 39,) on page 623 of the Compiled Statutes.   The condition of the bond, taken by the officer, upon the service of the writ, was in accordance with the form (FORM 41) on page 624 of the Compiled Statutes.   The writ was made returnable at the January Term, 1855, at which term, the defendant moved that it be dismissed on account of the insufficiency of said bond.   The county court,—UNDERWOOD, J., presiding,—sustained the motion, and dismissed the writ, to which the plaintiff excepted.

*J. S. Marcy* and *J. P. Kidder* for the plaintiff.

*W. Hebard* for the defendant.

By the court, REDFIELD, CH. J.   The form of the writ of replevin in this case shows very obviously that it professes to be a proceeding under the 14th section of chap. 33 of the Compiled Statutes. The writ contains a formal declaration for an unlawful taking and detention of the goods and chattels of the plaintiff.   The writ, too, correctly recites what bond should be given.   To prosecute the replevin to effect until it be ended and pay such damages and costs as shall be awarded the defendant in the writ, and return the property if so awarded by the court.   This bond would have been in compliance with the statute, unless, possibly, the latter clause is unnecessary.

But, in looking into the bond given, it omits all these conditions except the last, is in a different form and applicable to another proceeding.   The bond contains not any obligation to prosecute the writ to effect, or to pay damages, or costs, or to return the property according to the award of the court.   We do not think there is any such uncertainty in the statute in this respect as to lead to

any necessary embarrassment. The form of bond given is only applicable to a case of goods attached and replevied by the defendant. The form of the condition of the bond, given, in other cases of replevin, is given in the statute form of the writ, and is actually contained in this writ, but not followed. We think, for this defect, the writ was properly dismissed.

Judgment affirmed.